**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

AMERICAN PROTECTION INSURANCE COMPANY,

Plaintiff,

Civil No. 00-1574 DSD/AJB

v.

**REPORT AND RECOMMENDATION**

SOUTHERN MINNESOTA BEET SUGAR COOPERATIVE,

Defendant.

---

## I. INTRODUCTION

This matter is an action seeking declaratory judgment pursuant to 28 U.S.C. §§ 2201 & 2202. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1391 (a) respectively. The matter is presently before the Court on Southern Minnesota Beet Sugar Cooperative ("Coop")'s Motion to Dismiss or Stay for failure to name an indispensable party. The matter is properly before the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons discussed below, it is recommended that Defendant's motion be granted.

## II. BACKGROUND

Coop operates a beet sugar processing facility in Renville, Minnesota. Around February 29, 2000, Coop experienced a loss to its property after a boiler-line valve failed. At the time of the loss, Coop owned a property insurance policy, which was issued by Plaintiff, American Protection Insurance Company ("American"). Coop also owned a Boiler and Machinery insurance policy, which was issued by Travelers Insurance Company ("Travelers").

FILED MAY 25 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

American denied Coop's claim for the loss and filed this declaratory action, seeking a declaration of its right to deny Coop's claim. Coop filed an answer and counterclaim, contending that the American policy covers the at-issue loss.

Initially, Travelers also disputed coverage for the at-issue loss. However, Travelers and Coop entered into a negotiated settlement.[1] The settlement agreement provided that Coop assigned and subrogated (to Travelers) its rights with respect to the loss, including the right to seek recovery from American. Coop's rights were assigned and subrogated to the extent that Travelers settled with Coop.

After entering the settlement agreement, Travelers and Coop, as co-plaintiffs, filed a state action against American in Renville County, Minnesota. In the state action, Coop seeks damages representing the deductibles paid on the Travelers policy and the remaining loss that the settlement did not cover. Travelers brings its subrogation claim and also seeks contribution.

Now, Coop contends that Travelers is a necessary and indispensable party to this action. Because joining Travelers would destroy this Court's diversity jurisdiction,[2] Coop asks this Court to either dismiss this action or stay the action pending the outcome of the state action.

## III. DISCUSSION

### A. FED. R. CIV. P. 19(a)

A party is necessary to an action if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest." FED. R. CIV. P. 19(a)(2)(i). For reasons stated below, the Court concludes that, under the principles of *res*

[1]Travelers and Coop entered into the negotiated settlement after American filed this declaratory action.

[2]American does not dispute that both American and Travelers are Illinois corporations. Nor does American dispute that, if it were joined, Travelers would be aligned with Coop and against American, destroying diversity jurisdiction.

*judicata*, the adjudication of Coop's counterclaim would preclude a later adjudication of Travelers' subrogated rights in Renville County.

As just noted, Coop has a cause of action against American. This cause of action is before the Court as Coop's counterclaim. Importantly, even though Coop has subrogated part of its cause of action to Travelers and even though Travelers is not before this Court, Coop's *entire* cause is before this Court. The doctrine of subrogation does not enable Coop and Travelers to force American to defend one cause of action piecemeal. See Hayward v. State Farm Mut. Automobiles Ins. Co., 4 N.W.2d 316, 318 (Minn. 1942) ("By no act of either the insurer or the insured could the wrongdoer be subjected to two actions on one cause. The cause of action could not be split by the insurer any more than it could by the insured."). Under the principles of *res judicata*, the adjudication of Coop's counterclaim would preclude a later adjudication of Travelers' subrogated rights in Renville County. Id. The Court concludes that Travelers is a necessary party because the disposition of this action, in its absence, may impair or impede Travelers ability to protect the subrogated rights obtained in the settlement with Coop.

**B. FED. R. CIV. P. 19(b)**

Once a court concludes that a non-diverse party is necessary, the court must determine whether, in equity and good conscience, the action should proceed. FED. R. CIV. P. 19(b). The following factors are considered:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Id.

The Court need not address the first factor. Employers Ins. of Wausau v. Jostens, Inc., 181 F.R.D. 623, 627 (D. Minn. 1998) (citation omitted) ("The 19(b) factors reiterate many of the considerations that should inform a 19(a) analysis.").

With respect to the second factor, there is an interesting possibility. The Court could, by employing a legal fiction, recognize Coop's counterclaim and Travelers' subrogated rights, as two entirely separate causes of action. Indeed, the Minnesota Court of Appeals, in an unpublished opinion, did exactly that. See Auto-Owners Ins. Co. v. Milwaukee Mut. Ins. Co., No. C1-97-2249, 1998 WL 328392, at *2 (Minn. Ct. App. June 23, 1998). The Court, however, declines to entertain that possibility. The rule preventing plaintiffs from litigating their claims piecemeal is intended to protect the defendant from multiple lawsuits. Therefore, before the Court would recognize a "split" cause of action, the Court would require a stipulation from American agreeing to give up its right to invoke the principles of *res judicata* against Travelers in Renville County. At oral argument, however, American declined.

With respect to the third factor, it cannot be clear whether a judgment rendered in the absence of Travelers would be adequate. Granted, if Coop's counterclaim is entirely successful, the portion of the judgment representing Travelers' subrogated rights could be placed in trust for its benefit. Travelers, however, is not guaranteed that Coop is competent to prosecute its counterclaim.

With respect to the fourth factor, American will not be deprived of an adequate remedy if the Court stays or dismisses this action. The issues in this case can be adequately adjudicated in the pending state action.

## IV. CONCLUSION AND RECOMMENDATION

The Court concludes that Travelers is a necessary party because the disposition of this action, in its absence, may impair or impede Travelers ability to protect the subrogated rights

obtained in the settlement with Coop. After considering the factors set forth in FED. R. CIV. P. 19(b), the Court concludes that this case should not proceed. For the foregoing reasons, it is hereby recommended that:

1. Defendant's motion be granted;

2. This action be stayed until final disposition of the state action pending in Renville County, Minnesota.

Dated: 5/25/01

Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.

AJB