UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1574(DSD/AJB)

American Protection Insurance Company,

Plaintiff,

v.

**ORDER**

Southern Minnesota Beet Sugar Cooperative,

Defendant.

This matter is before the court on the objections of plaintiff American Protection Insurance Company to the report and recommendation of Magistrate Judge Arthur J. Boylan dated May 25, 2001. In his report, the magistrate judge recommended that defendant's motion to stay be granted and that this action be stayed until the final disposition of the state action currently pending in Renville County, Minnesota. The magistrate judge also concluded that Travelers Insurance Company ("Travelers") is a necessary party to this action because the disposition of this action, in its absence, would potentially impair or impede Travelers ability to protect its subrogated rights. Plaintiff now objects to the magistrate judge's recommendation asserting that Travelers is not entitled to equitable or contractual subrogation in this case and that Travelers should not be regarded as a necessary party to this action.

26

FILED 6-26-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials

The report of the magistrate judge fully discussed the reasons why defendant's motion must be granted. In particular, the court concludes that Magistrate Judge Boylan properly concluded that this federal court action should be stayed until the final disposition of the state court action currently pending in Renville County, Minnesota. Moreover, the court affirms the magistrate judge's conclusion that Travelers does have a viable cause of action in subrogation pending in state court. The cause of action in subrogation is based on the clear language of the Travelers' policy which transfers the defendant's rights of recovery against others to Travelers. See Medica v. Atlantic Mut. Ins. Co., 566 N.W.2d 74 (Minn. 1997) (holding that a cause of action in subrogation can exist against another insurer).

The court also believes that Travelers is a necessary and indispensable party and any disposition of this action, in its absence, may impair or impede Travelers' ability to protect its subrogated rights. A party is necessary to an action if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest." Fed. R. Civ. P. 19(a)(2)(i). Clearly, under the principles of res judicata, since the adjudication of defendant's counterclaim would preclude a later adjudication of Travelers' subrogated rights in the proceeding

pending in Renville County, Travelers must be viewed as a necessary party to this action.

Therefore, after conducting a de novo review of the file and record and in consideration of the factor set forth in Fed. R. Civ. P. 19(b), the court will adopt the magistrate judge's report and recommendation in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion is granted and this action is stayed until the final disposition of the state action currently pending in Renville County, Minnesota.

Dated: June 19, 2001

David S. Doty, Judge
United States District Court